UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BETTY W. THOMPSON** | : | **DOCKET NO. 12-CV-1758** |
| **VS.** | : | **JUDGE MINALDI** |
| **STATE FARM FIRE & CAS. CO.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

The above captioned matter was removed to this court on June 22, 2012. Doc. 1. On May 2, 2013, the court conducted a telephone scheduling conference during which *pro se* plaintiff Betty W. Thompson ("plaintiff") indicated to the court that she was seeking legal representation. Doc. 8. The court set a new telephone scheduling conference for June 6, 2013, and advised plaintiff that she was to participate in the scheduling conference personally if she was unable to retain counsel. *Id.* The court also explained to plaintiff that it was her responsibility to follow all court orders, local rules, and rules of procedure. *Id.*

At the second telephone scheduling conference on June 6, 2013, plaintiff again advised the court that she was seeking legal representation. Doc. 9. The court again continued the scheduling conference to July 18, 2013. *Id.* Plaintiff was again cautioned about her responsibilities in proceeding *pro se* and she was further advised that there would be no further continuances of scheduling conferences. *Id.*

At the third telephone scheduling conference on July 18, 2013, plaintiff appeared *pro se*. Doc. 10. The court set a jury trial for March 17, 2014. *Id.* During the conference, the court reiterated to plaintiff that it was incumbent upon her to be aware of and abide by the various orders and rules of the court and to cooperate in the discovery process. *Id.* The court warned

plaintiff that failure to do so could ultimately result in a recommendation that her case be dismissed. *Id.*

On February 13, 2014, defendants filed an unopposed motion to continue the trial. Doc. 12. The court granted the motion on February 18, 2014, and set a telephone scheduling conference for April 3, 2014 in order to select a new trial date. Doc. 13.

Plaintiff failed to participate in the April 3, 2014, telephone scheduling conference. Doc. 14. Counsel for defendant indicated that his attempts to reach plaintiff by telephone to secure her participation were unsuccessful.[1] *Id.* The court therefore reset the scheduling conference for May 1, 2014 at 9:00 am. *Id.* This scheduling conference was to take place in open court. *Id.* The undersigned directed the clerk to send the plaintiff a copy of the docket sheet and specifically noted the previous occasions when plaintiff was advised of her responsibilities in proceeding *pro se*. *Id.* The court also specifically cautioned plaintiff that her failure to appear in court would result in the issuance of a Report and Recommendation suggesting that this matter should be dismissed for failure to prosecute. *Id.*

The court convened the scheduling conference at 9:00 am on May 1, 2013, in open court. Doc. 15. Plaintiff did not appear at the scheduled time. *Id.* After allowing an additional 20 minutes, plaintiff still did not appear. *Id.*

Therefore, pursuant to Local Rule 41.3, **IT IS RECOMMENDED** that the above captioned matter be **DISMISSED WITH PREJUDICE** for failure to prosecute.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific,

---

[1] This was not the first time that counsel had difficulty in contacting the plaintiff. Before the first scheduling conference on May 2, 2013, counsel wrote the court a letter in which he stated that he was unable to contact plaintiff by phone or correspondence. Doc. 7. The court on two occasions advised plaintiff of her responsibility to keep her contact information current. *See* doc.8, doc. 10.

-3-

written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE